Argued and submitted November 8, judgment of Tax Court affirmed
December 6, 2012

William H. DOWNER,
*Plaintiff-Appellant,*

*v.*

DEPARTMENT OF REVENUE,
State of Oregon,
*Defendant-Respondent.*

(TC-RD 4952; SC S059593)

292 P3d 524

William L. Ghiorso, Salem, argued the cause and filed the brief for plaintiff-appellant.

Joseph Laronge, Assistant Attorney General, Salem, argued the cause and filed the brief for defendant-respondent. With him on the brief was Ellen F. Rosenblum, Attorney General.

Before Balmer, Chief Justice, and Kistler, Walters, Linder, and Landau, Justices.**

BALMER, C. J.

---

** De Muniz and Durham, JJ., did not participate in the consideration or decision of this case.

## BALMER, C. J.

Taxpayer appeals from a judgment of the Tax Court, Regular Division, which rejected various arguments asserted by taxpayer and found taxpayer liable for the taxes assessed by the Department of Revenue (department). We affirm.

Taxpayer owned and operated The Tobacco Leaf, a retail store in Mill City. Taxpayer purchased tobacco products for resale from, among other sellers, Lil Brown Smoke Shack (LBSS), a business located on the reservation of the Confederated Tribes of the Yakama Nation in the state of Washington. LBSS is not licensed as a distributor of tobacco products in Oregon. Taxpayer attempted to sell The Tobacco Leaf by means of an installment contract to one buyer in 2000 and to another buyer in 2001, but both sales fell through, and taxpayer resumed operating the business in 2002.

The department issued notices of tax assessment to taxpayer for unpaid tobacco products taxes arising from his purchases from LBSS between 1997 and 2004. *See* ORS 323.500 to 323.645 (imposing taxes on distributors of tobacco products within Oregon). Taxpayer appealed the assessments (and related penalties and interest that the department imposed) to the Tax Court, Magistrate Division. He argued that he was not liable for tobacco taxes related to those purchases because he was not a "distributor" of tobacco products within the meaning of ORS 323.500 during the time that he was attempting to sell his business in 2000 and 2001. He also argued that the department was estopped from assessing tobacco taxes on his purchases from LBSS because it had misled him into believing that he was in compliance with applicable tax laws and that the court should bar tax assessments on his purchases from LBSS because the department allegedly had lost or destroyed business records that it had seized from him. The Magistrate Division rejected taxpayer's arguments and upheld the assessments. Taxpayer appealed to the Regular Division, which conducted a trial. The Tax Court reviewed the evidence and taxpayer's legal arguments, including his defenses to the assessments, and rejected them in a written opinion. *Downer v. Department of Revenue,* TC-RD 4952, 2011WL 2037643 (May 24, 2011). This appeal followed.

On appeal, taxpayer reprises the arguments that he made to the Tax Court, asserting that he is not liable for tobacco products taxes related to his purchases from LBSS. We have considered taxpayer's arguments and conclude that they are not well taken. Additional discussion of the factual context and legal arguments raised in this case would not benefit the public, the bench, or the bar.

The judgment of the Tax Court is affirmed.